# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| FRAN DONOVAN, | ) | |
| Plaintiff, | ) ) ) | 2:08-cv-01675-RCJ-RJJ |
| vs. | ) ) | |
| FLAMINGO PALMS VILLAS, LLC et al., | ) ) | **ORDER** |
| Defendants. | ) ) | |

This case arises out of an alleged conspiracy to defraud investors in a condominium development in Las Vegas. Fifteen motions are pending before the Court.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs are eighty-seven individuals who, from 2005 to 2007, purchased condominium units in a development called the Palm Villas, Las Vegas Cay Club Condominiums (the "Development"). Defendants are individuals and entities who allegedly defrauded Plaintiffs, or assisted in defrauding Plaintiffs, into purchasing units in the Development. The Development consists of an approximately 12-acre plot of land on which sit sixteen three-story apartment buildings, containing a total of 360 rental units. The three apartment buildings occupy 2.64 acres. The remaining 9.44 acres consist of several hundred parking spaces, swimming pools, and other open land (the "Common Area").

Beginning in 2004, Defendants began promoting and selling the 360 units in the

1  Development to buyers. Defendants promoted the Development as a "resort community" that
2  would be developed into a hotel. Initially, and before assuming its current name, the
3  Development was called the Las Vegas Cay Club Resort & Marina. Defendants allegedly
4  represented that the Development already boasted numerous valuable amenities, such as large
5  covered patios, weight rooms, and spas, and that Defendants planned to enhance the
6  Development with many other amenities, such as a game room, a water park, a restaurant, and
7  conference facilities. By paying a non-refundable $5,000 payment, Plaintiffs were allowed to
8  enter into a Reservation Agreement, which required a $10,000 non-refundable payment per unit
9  reserved for purchase. Plaintiffs were later provided with a price list for the units, ranging from
10 $199,000 to $499,900. After Plaintiffs invested, Defendants circulated various brochures and
11 letters to Plaintiffs, informing Plaintiffs of the status of the Development. These letters and
12 brochures described or displayed images of the various improvements that were being done to
13 the Development. Defendants also circulated a map of the Development.

14     Plaintiffs allege that the deeds they received in the purchase of each unit represented that
15 Plaintiffs had an interest not only in their purchased units, but also in the Common Area, which
16 included parking spaces, swimming pools, and many other valuable amenities that Defendants
17 promised to add to the Development. After the deeds were signed, Plaintiffs allege that
18 Defendants circulated a fifty-seven page declaration stating that Plaintiffs' interests in the
19 Development did not in fact include the Common Area, but were limited to their individually
20 purchased rental units and the area common to their particular buildings. As a result, Plaintiffs'
21 purchased units did not even include any of the Development's parking spaces. Plaintiffs
22 contend that the representations made in the fifty-seven page declaration conflicted with the
23 advertising and other promotional representations made by Defendants, the deeds, the appraisals
24 on the units upon which Plaintiffs relied in deciding to invest in the Development, and Nevada
25 realty law.

1  Plaintiffs filed the Complaint on November 26, 2008. (Compl., ECF No. 1). The
2 operative version of the Complaint is the Third Amended Complaint ("TAC") (ECF No. 335).
3 Plaintiffs have categorized Defendants therein into several groups: (1) the Fraudulent Enterprise
4 Defendants ("FEPD"); (2) the Promoter/Broker Defendants; (3) the Appraiser Defendants; (4)
5 the Financial Institution Defendants; and (5) the Title Company Defendants. The Court has
6 adjudicated dozens of dispositive motions. Fifteen motions are pending before the Court.

**II.   LEGAL STANDARDS**

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden,

1  summary judgment must be denied and the court need not consider the nonmoving party's

2  evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

3  If the moving party meets its initial burden, the burden then shifts to the opposing party

4  to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio*

5  *Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing

6  party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the

7  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

8  versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

9  626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment

10 by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v.*

11 *List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions

12 and allegations of the pleadings and set forth specific facts by producing competent evidence that

13 shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

14 At the summary judgment stage, a court's function is not to weigh the evidence and

15 determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477

16 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are

17 to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely

18 colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

19 **III.  ANALYSIS**

20 **A.  Motions Without Opposition**

21 First, the Court will grant one motion for failure to respond. *See* Local R. 7-2(d).

22 Although Plaintiffs have failed to respond to an additional six motions, the Court will not grant

23 those motions for the reasons given herein.

24 **1.  The Motion the Court Grants for Failure to Respond**

25 Motion No. 946 is a summary judgment motion by America's Servicing Co. and Wells

Fargo Bank, N.A. Plaintiffs had until March 31, 2012 to respond but have not responded or requested any extension as of the date of this memorandum, over two months beyond the deadline to respond. The Court grants this motion.

### 2. Motions the Court Will Not Grant Despite Failure to Respond

Motion No. 936 is a motion for attorney's fees and costs by the Sunvest Defendants. They seek fees and costs against eighteen Plaintiffs whose claims were recently dismissed for failure to prosecute. Plaintiffs had until March 17, 2012 to respond but have not responded or requested any extension. The Court denies this motion. Movants base their claim to fees upon 15 U.S.C. § 77k(e), which permits a court to grant costs, including fees, when a securities fraud claim is brought without merit. The Ninth Circuit has read the "without merit" language of the statute to permit fees and costs where the suit "borders on the frivolous or is brought in bad faith." *W. Fed. Corp. v. Erickson*, 739 F.2d 1439, 1444 (9th Cir. 1984). Movants argue that the securities claims in this case were frivolous. The court finds that the securities claims were not frivolous. The Court denied a motion to dismiss the securities claims in this case after extensive analysis. (*See* Order 11–20, Dec. 15, 2009, ECF No. 274). Although Plaintiffs failed to respond, the Court in its discretion denies fees and costs and also denies the motion to file related documents under seal (ECF No. 1004).

Motion No. 964 is moot. It is JDI Defendants' motion to compel interrogatory responses and sanctions, including dismissal with prejudice, costs, and fees. Plaintiffs had until March 31, 2012 to respond but did not respond or request any extension. Because the Court has previously granted summary judgment to these Defendants based upon Plaintiff's failure to timely respond, the Court denies the present motion as moot.

Motion No. 1013 is Stump, Storey, Callahan & Dietrich, P.A. and Scott Callahan's motion to strike Plaintiffs' untimely discovery responses. Plaintiffs had until May 21, 2012 to respond but did not respond or request any extension. Because the Court grants these

Defendants' motion for summary judgment, however, it denies the present motion as moot.

Motion No. 950 is a summary judgment motion by Stump, Storey, Callahan & Dietrich, P.A. and Scott Callahan. Plaintiffs had until March 31, 2012 to respond but did not respond or request any extension. Because the Court has previously granted summary judgment to these Defendants based upon Plaintiffs' failure to timely respond, the Court denies the present motion as moot.

Motion No. 951 is a summary judgment motion by Countrywide Financial Corp. and Bank of America Corp. Plaintiffs had until March 31, 2012 to respond but did not respond or request any extension. Because the Court has previously granted summary judgment to these Defendants based upon Plaintiffs' failure to timely respond, the Court denies the present motion as moot.

### B. Additional Moot Motions

Second, the Court denies the motions to extend page limits as moot. These motions pertain to untimely responses to summary judgment motions that the Court has adjudicated in a previous order.

Sunvest Defendants also request Rule 11 sanctions against Plaintiffs because discovery has revealed that Plaintiffs have never had any evidence implicating them in any wrongdoing and have propounded no discovery on these Defendants. They request sanctions against Plaintiffs and their counsel, up to and including dismissal. Plaintiffs have responded to the present motion with bare allegations that Defendants have wronged them. Specifically they argue that Sunvest purported to sell the development to Cay Clubs for $58 million only two months after purchasing it for $28 million, and that Sunvest then caused Cay Clubs to market the units to Plaintiffs at inflated prices in order to fund the $58 million sale price. Plaintiffs note in their response that they will not "go into great detail" and do not attempt to explain or defend their failure to propound discovery on movants. Plaintiffs attach a copy of their previous

1  untimely opposition to a motion for summary judgment and a copy of an agreement between
2  Defendants Flamingo Palms Villas, LLC and DC702, LLC, neither of which is a Sunvest
3  Defendant. The Court denies the motion as moot, because it has already granted summary
4  judgment to these Defendants.

  **C. Remaining Motions**

6  Third, the Court adjudicates the remaining motions on the merits.

  **1. Motions for Summary Judgment (ECF Nos. 942, 948, 949)**

  **a. Motion No. 942**

9  Motion No. 942 is Plaintiffs' counter motion for summary judgment to Commonwealth
10 Land Title Insurance Co.'s ("Commonwealth") motion for summary judgment No. 889, which
11 the Court previously denied. Commonwealth argued that it was not alleged to have had any part
12 in the wrongdoing but only to have managed the escrow. It argued that it complied with escrow
13 instructions and never made any representations that Plaintiffs' titles would include interests in
14 the 9.44 acres of common area at the development. If Plaintiffs are aggrieved that they did not
15 obtain an interest in the 9.44 acres, it argued, they are aggrieved by their own or other
16 Defendants' failures to ensure that the sales contracts and deeds included such an interest.
17 Plaintiffs responded that because the deeds indicated that the purchased units were
18 "condominiums," Commonwealth was negligent in not ensuring that the interests qualified as
19 "condominiums" under Nevada statute and that it had breached the title insurance agreements by
20 failing to ensure against loss. The Court found Plaintiffs' arguments more persuasive. The title
21 insurance policies in this case explicitly insured the common elements identified in the CC&R,
22 which were excluded from Plaintiffs' titles. It was Commonwealth's duty as the professional
23 expert hired for the purpose to ensure that the deeds included title to the areas insured under the
24 title insurance policies.

25   Plaintiff asks the Court to rule that there is no question of material fact that

1  Commonwealth is liable under the title policies.  They note that the title insurance policies
2  insured them for the purchase of a "condominium, as defined in section 117.010 of the Nevada
3  Revised Statutes . . . ."  but that Commonwealth failed to note that the titles provided did not
4  provide for condominiums under the law, because the common elements were excluded.

5  Commonwealth responds that Plaintiffs did obtain titles to condominiums.
6  Commonwealth first argues that the title insurance agreements do not specifically mention "9.44
7  acres" of common areas.  Commonwealth argues that a plat map indicated that the common areas
8  consisted of everything except the units, but because it did not identify the 9.44 acres
9  specifically, that Plaintiffs were never promised a fractional interest in this area.  The CC&R,
10 whose restrictions were incorporated by the plat map, noted that building A and 9.44 acres were
11 excluded from common areas.

12 The Court denies the motion for summary judgment.  It appears that Plaintiffs may have
13 obtained a fractional interest in some common element even if they had not obtained an interest
14 in the disputed 9.44 acres.  The facts should be sorted out by a jury.  Commonwealth, it appears,
15 insured that each Plaintiff would obtain a condominium as defined under state law.  If the
16 inclusion of some common element, even if not the 9.44 acres, resulted in that Plaintiffs obtained
17 condominiums under state law, then Commonwealth did not breach the title insurance policies,
18 which do not specifically refer to the disputed 9.44 acres.

19      **b.**     **Motion No. 948**

20 Motion No. 948 is a motion for summary judgment by Defendants Sarasota Coast
21 Investors, LLC ("Sarasota"), Desert Tides, Craig Holt, and Davis Band.  Plaintiffs have not
22 responded, so the Court grants the motion as against Plaintiffs.  Cross-plaintiff Las Vegas Cay
23 Club Homeowners' Association ("LVCCHOA") has objected to the motion, however, movants
24 do not appear to have moved directly against LVCCHOA's Crossclaim, which is brought only
25 against Sarasota, Flamingo Palms Villas, LLC, and JDI Craps, but not against Desert Tides,

Holt, or Band.

    **c.    Motion No. 949**

Motion No. 949 is a motion for offensive summary judgment by LVCCHOA on its Crossclaim against Sarasota, JDI Craps, and Flamingo Palms Villa, LLC, and on its Counterclaim against Plaintiffs. Only Sarasota has responded.

First, LVCCHOA's Amended Counterclaim against Plaintiffs includes a single claim for declaratory judgment that Plaintiffs must continue to pay HOA fees, including those required for the upkeep of the disputed 9.44 acres. (*See* Am. Countercl., Apr. 20, 2011, ECF No. 602). Plaintiffs have not responded.

Second, LVCCHOA's Amended Crossclaim against Sarasota and others includes five claims: (1) quiet title as to the disputed 9.44 acres; (2) "declaration judgment [sic]" as to the ownership of the dispute 9.44 acres (this claim is redundant with the quiet title claim); (3) declaratory judgment that Sarasota must pay HOA fees as any other owner must for the thirty-five units it has purchased and that it may not claim offset based upon separate maintenance it has performed or paid for; (4) slander of title against JDI Craps, Sarasota, and Flamingo Palms Villas, LLC; and (5) declaratory relief that certain other Defendants are liable to Plaintiffs, not LVCCHOA (this claim does not ask the Court to adjudicate any dispute between Cross-plaintiff and Cross-defendants). (*See* Am. Crosscl., Apr. 20, 2011, ECF No. 603). Sarasota has responded.

The Court grants the motion in part and denies it in part. The Court rules that the disputed 9.44 acres are a part of the common element owned in undivided, proportional part by the 360 unit owners, including, where applicable, Sarasota. The 9.44 acres includes all areas of the Development except the units themselves, including driveways, sidewalks, parking areas, swimming pools, Building A, etc. Any provisions of the deeds, CC&R, or other documents to the contrary are void as contrary to Nevada law. Sarasota has no separate claim to these areas

1  apart from its fractional interest as an owner of one or more units. "Parcel V," as identified in
2  the deed in lieu of foreclosure filed by Sarasota on March 21, 2008, instrument and book Nos.
3  20080321-0002337 and 20080424-0005309, is not a legally viable description of real estate and
4  is null and void. The deed in lieu of foreclosure is otherwise valid. The powers of attorney
5  given to the original developer and relied upon by Sarasota to effect a transfer of "Parcel V" are
6  void under Nevada law. Finally, all owners, including Sarasota are required to pay their
7  proportionate share of homeowner's assessments to LVCCHOA for the upkeep of the common
8  elements.

9  The Court therefore grants offensive summary judgment on the declaratory judgment and
10 quiet title claims. The Court denies offensive summary judgment on the slander of title claim,
11 because there was a legitimate dispute over the 9.44 acres such that Cross-defendants may not
12 have been negligent in asserting title.

13 **2.     Motion to Continue Discovery (ECF No. 967)**

14 Fourteen Plaintiffs ask the Court for a ninety-day discovery extension. They ask the
15 Court to permit a conditional appearance by an attorney for the purpose of requesting the
16 discovery extension. There are four oppositions to the "unopposed" motion. The Court denies
17 the motion. As Defendants note, discovery was open for over three years, having been extended
18 several times.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF Nos. 946) is GRANTED.

IT IS FURTHER ORDERED that the Motions to Extend Page Limits (ECF Nos. 995, 996, 999), the Motion to Compel (ECF No. 964), the Motions for Summary Judgment (ECF No. 950, 951), the Motion to Strike (ECF No. 1013), and the Motion for Sanctions (ECF No. 981) are DENIED as moot.

IT IS FURTHER ORDERED that the Motions for Attorney's Fees and to File Records Under Seal (ECF Nos. 936, 1004) and the Motion to Continue Discovery (ECF No. 967) are DENIED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 942) is DENIED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 948) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 949) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated this 9th day of July, 2012.

_____
ROBERT C. JONES
United States District Judge