UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FRAN DONOVAN, | ) | |
|       Plaintiff, | ) | |
| vs. | ) | 2:08-cv-01675-RCJ-RJJ |
| FLAMINGO PALMS VILLAS, LLC et al., | ) | **ORDER** |
|       Defendants. | ) | |

This case arises out of an alleged conspiracy to defraud investors in a condominium development in Las Vegas. Pending before the Court is Defendant Commonwealth Land Title Insurance Co.'s ("Commonwealth") Motion for Clarification and Reconsideration (ECF Nos. 1103, 1106).[1] For the reasons given herein, the Court denies the motion.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiffs are eighty-seven individuals who purchased condominium units in a development called the Palm Villas, Las Vegas Cay Club Condominiums (the "Development"). Defendants are individuals and entities who allegedly defrauded Plaintiffs, or assisted in defrauding Plaintiffs, into purchasing units in the Development. The Development consists of an approximately twelve-acre plot of land on which sit sixteen three-story apartment buildings,

---

[1] CLTI appears to have accidentally filed the same motion into the record twice.

1    containing a total of 360 rental units.  The three apartment buildings occupy 2.64 acres.  The
2    remaining 9.44 acres consist of several hundred parking spaces, swimming pools, and other open
3    land (the "Common Area").

4         Beginning in 2004, Defendants began promoting and selling the 360 units in the
5    Development to buyers.  Defendants promoted the Development as a "resort community" that
6    would be developed into a hotel.  Initially, and before assuming its current name, the
7    Development was called the Las Vegas Cay Club Resort & Marina.  Defendants allegedly
8    represented that the Development already boasted numerous valuable amenities, such as large
9    covered patios, weight rooms, and spas, and that Defendants planned to enhance the
10   Development with many other amenities, such as a game room, a water park, a restaurant, and
11   conference facilities.  By paying a non-refundable $5,000 payment, Plaintiffs were allowed to
12   enter into a Reservation Agreement, which required a $10,000 non-refundable payment per unit
13   reserved for purchase.  Plaintiffs were later provided with a price list for the units, ranging from
14   $199,000 to $499,900.  After Plaintiffs invested, Defendants circulated various brochures and
15   letters to Plaintiffs, informing Plaintiffs of the status of the Development.  These letters and
16   brochures described or displayed images of the various improvements that were being done to the
17   Development.  Defendants also circulated a map of the Development.

18        Plaintiffs allege that the deeds they received in the purchase of each unit represented that
19   Plaintiffs had an interest not only in their purchased units, but also in the Common Area, which
20   included parking spaces, swimming pools, and many other valuable amenities that Defendants
21   promised to add to the Development.  After the deeds were signed, Plaintiffs allege that
22   Defendants circulated a fifty-seven page declaration stating that Plaintiffs' interests in the
23   Development did not in fact include the Common Area, but were limited to their individually
24   purchased rental units and the area common to their particular buildings.  As a result, Plaintiffs'
25   purchased units did not even include any of the Development's parking spaces.  Plaintiffs

contend that the representations made in the fifty-seven page declaration conflicted with the advertising and other promotional representations made by Defendants, the deeds, and the appraisals on the units upon which Plaintiffs relied in deciding to invest in the Development.

Plaintiffs filed the Complaint on November 26, 2008. (Compl., ECF No. 1). The operative version of the Complaint is the Third Amended Complaint ("TAC") (ECF No. 335). The Court has adjudicated over one-hundred (100) substantive motions in this case.

## II. DISCUSSION

In a July 9, 2012 order (the "Order"), the Court noted that it had denied Commonwealth's previous motion for summary judgment, but it denied summary judgment to Plaintiffs on their claims against Commonwealth because there remained fact issues concerning whether Plaintiffs in fact obtained *some* common area (even if not the disputed Common Area) such that Commonwealth was not liable, or was not fully liable, for failing to ensure Plaintiffs received a "condominium" under state law.[2] In the Order, the Court also granted declaratory judgment to Plaintiffs that they owned the 9.44 acres of the Common Area and in fact all common areas, and that any documents to the contrary were void as contrary to state law.

Commonwealth asks the Court to dismiss the claims against it, because the ruling that Plaintiffs in fact have title to all common areas obviates their claims against Commonwealth. The Court denies the motion. It is possible that Commonwealth's alleged refusal to indemnify or defend Plaintiffs' title caused them harm that has not been made moot by the Court's recent rulings. For example, Commonwealth's alleged failure to indemnify or defend under the policies may have caused Plaintiffs to lose more money than they otherwise would have. The housing crash has reduced real estate prices in Nevada by up to 70% in some areas as compared to prices

---

[2] The Order preceded a July 10, 2012 order in the electronic docket but was actually authored after the July 10, 2012 order, which is why the Order refers to the July 10, 2012 order as a "previous order."

1  at the peak of the bubble.  Had Commonwealth defended Plaintiffs such that there was no cloud
2  on their titles making it appear that the units were not condominiums, they may have been able to
3  sell their units before realizing the full effect of the downturn.  Alternatively, they may have been
4  made whole directly by Commonwealth under the policies.  But with the cloud over their titles,
5  Plaintiffs may have been utterly unable to sell at any reasonable price.  This is a matter of proof
6  for the jury.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF Nos. 1103, 1106) is DENIED.

IT IS SO ORDERED.

Dated this 13th day of September, 2012.

_____
ROBERT C. JONES
United States District Judge