# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FRAN DONOVAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FLAMINGO PALMS VILLAS, LLC et al., ) <br> ) <br> Defendants. ) <br> ) | 2:08-cv-01675-RCJ-RJJ <br><br> **ORDER** |

This case arises out of an alleged conspiracy to defraud investors in a condominium development in Las Vegas. Two motions for fees and costs are pending before the Court.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs are eighty-seven individuals who, from 2005 to 2007, purchased condominium units in a development called the Palm Villas, Las Vegas Cay Club Condominiums (the "Development"). Originally, there were 139 Defendants, 121 of whom remained in the Second Amended Complaint ("SAC") (ECF No. 183). Defendants are individuals and entities who allegedly defrauded Plaintiffs, or assisted in defrauding Plaintiffs, into purchasing units in the Development. The Development consists of an approximately 12-acre plot of land on which sit sixteen three-story apartment buildings, containing a total of 360 rental units. The three apartment buildings occupy 2.64 acres. The remaining 9.44 acres consist of several hundred parking spaces, swimming pools, and other open land (the "Common Area").

Beginning in 2004, Defendants began promoting and selling the 360 units in the Development to buyers. Defendants promoted the Development as a "resort community" that would be developed into a hotel. Initially, and before assuming its current name, the Development was called the Las Vegas Cay Club Resort & Marina. Defendants allegedly represented that the Development already boasted numerous valuable amenities, such as large covered patios, weight rooms, and spas, and that Defendants planned to enhance the Development with many other amenities, such as a game room, a water park, a restaurant, and conference facilities. By paying a non-refundable $5,000 payment, Plaintiffs were allowed to enter into a Reservation Agreement, which required a $10,000 non-refundable payment per unit reserved for purchase. Plaintiffs were later provided with a price list for the units, ranging from $199,000 to $499,900. After Plaintiffs invested, Defendants circulated various brochures and letters to Plaintiffs, informing Plaintiffs of the status of the Development. These letters and brochures described or displayed images of the various improvements that were being done to the Development. Defendants also circulated a map of the Development.

Plaintiffs allege that the deeds they received in the purchase of each unit represented that Plaintiffs had an interest not only in their purchased units, but also in the Common Area, which included parking spaces, swimming pools, and many other valuable amenities that Defendants promised to add to the Development. After the deeds were signed, Plaintiffs allege that Defendants circulated a fifty-seven page declaration stating that Plaintiffs' interests in the Development did not in fact include the Common Area, but were limited to their individually purchased rental units and the area common to their particular buildings. As a result, Plaintiffs' purchased units did not even include any of the Development's parking spaces. Plaintiffs contend that the representations made in the fifty-seven page declaration conflicted with the advertising and other promotional representations made by Defendants, the deeds, and the appraisals on the units upon which Plaintiffs relied in deciding to invest in the Development.

1    Plaintiffs filed the Complaint on November 26, 2008. (Compl., ECF No. 1).  The
2 operative version of the Complaint is the Third Amended Complaint ("TAC") (ECF No. 335).
3 The Court has adjudicated over one-hundred (100) substantive motions in this case.  Two groups
4 of Defendants have separately moved for attorney's fees and costs.

## II. LEGAL STANDARDS

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 does not provide for attorney's fees directly but governs applications for fees under other statutes or rules that provide for them. *See* Fed. R. Civ. P. 54(d)(2)(B)(ii).  Via the present motions, movants seek fees under both federal and state statutes.  First, in securities fraud suits:

> if judgment shall be rendered against a party litigant, upon the motion of the other party litigant, such costs may be assessed in favor of such party litigant . . . if the court believes the suit or the defense to have been without merit, in an amount sufficient to reimburse him for the reasonable expenses incurred by him, in connection with such suit, such costs [including reasonable attorney's fees] to be taxed in the manner usually provided for taxing of costs in the court in which the suit was heard.

15 U.S.C. § 77k(e).  Two groups of movants seek fees under § 77k(e).  Second, under state law, a court may award fees to the prevailing party:

> [w]ithout regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party.  The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations.  It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

Nev. Rev. Stat. § 18.010(2)(b).  Only one of the groups of movants seeks fees under section 18.010(2)(b).

///

### III. ANALYSIS

First, Defendants Harvey Birdman, Louis Birdman, Flamingo Palms Investment Group, LLC, Flamingo Palms Manager, Inc., Flamingo Palms Manager, LLC, Flamingo Palms SPE, Inc., Harris Friedman, Donneil Hecer, Herbert Hirsch, Sunvest Communities, USA, LC, Sunvest Resort Communities, LC, Sunvest-Vegas Acquisitions II, LLC, Sunvest-Vegas Acquisitions, LLC, Vegas Acquisitions, LLC, Vegas Acquisitions, LLC, and Michael Werner (Sunvest Defendants") have asked for fees and costs pursuant to § 77k(e). Second, Defendants W. Scott Callahan and Stump, Storey, Callahan, and Dietrich, P.A. ("Callahan Defendants") have asked for fees and costs under both § 77k(e) and section 18.010(2)(b).

Plaintiffs argue that the present motions are unripe, because the Court has neither entered final judgment in the case nor entered partial final judgment as against movants pursuant to Rule 54(b). Plaintiffs also argue that even assuming for the sake of argument that final judgment for the purposes of moving for attorney's fees was entered when the Court entered summary judgment in favor of movants on July 10, 2012, the present motions, filed on August 1 and 17, 2012, respectively, were not filed within fourteen (14) days of the summary judgment order, as required by Local Rule 54-16(a). In other words, they argue the motions are necessarily either unripe or untimely.

Although the Court granted summary judgment on July 10, 2012, the judgment in favor of Sunvest Defendants was not entered until July 18, 2012, and Sunvest Defendants filed their motion on August 1, 2012, fourteen days later, making it timely under the local rules. Also, a party may move for attorney's fees and costs before the entire action is complete, because fees and costs are collateral matters with respect to finality, as opposed to appeals themselves, which are subject to Rule 54(b) certification. *See Samaad v. City of Dallas*, 922 F.2d 216, 218 (5th Cir. 1991). Sunvest Defendants' motion is therefore both ripe and timely. It does not appear, however, that any judgment has yet been entered in favor of Callahan Defendants, so their

motion is unripe. The Court has already granted summary judgment to Callahan Defendants, (*see* Order 7:11–18, July 10, 2012, ECF No. 1094), and will order the Clerk to enter judgment so that Callahan Defendants may file their motion.

As to the merits of Sunvest Defendants' motion, Plaintiffs argue that the Court should deny fees for the reason it denied Rule 11 sanctions at the June 21, 2012 hearing, i.e., that the securities fraud claims against it were not frivolous or vexatious. The Court has already ruled that Sunvest Defendants were not entitled to fees under § 77k(e) as against eighteen Plaintiffs whose claims were previously dismissed for failure to prosecute:

> Motion No. 936 is a motion for attorney's fees and costs by the Sunvest Defendants. They seek fees and costs against eighteen Plaintiffs whose claims were recently dismissed for failure to prosecute. Plaintiffs had until March 17, 2012 to respond but have not responded or requested any extension. The Court denies this motion. Movants base their claim to fees upon 15 U.S.C. § 77k(e), which permits a court to grant costs, including fees, when a securities fraud claim is brought without merit. The Ninth Circuit has read the "without merit" language of the statute to permit fees and costs where the suit "borders on the frivolous or is brought in bad faith." *W. Fed. Corp. v. Erickson*, 739 F.2d 1439, 1444 (9th Cir. 1984). Movants argue that the securities claims in this case were frivolous. The court finds that the securities claims were not frivolous. The Court denied a motion to dismiss the securities claims in this case after extensive analysis. (*See* Order 11–20, Dec. 15, 2009, ECF No. 274). Although Plaintiffs failed to respond, the Court in its discretion denies fees and costs and also denies the motion to file related documents under seal (ECF No. 1004).

(Order 5:5–17, July 9, 2012, ECF No. 1082). For the same reasons, the Court denies fees and costs.

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions for Attorney's Fees and Costs (ECF Nos. 1130, 1138) are DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment in favor of Callahan Defendants in accordance with ECF No. 1094.

IT IS SO ORDERED.

Dated this 2nd day of January, 2013.

_____
ROBERT C. JONES
United States District Judge