**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| FRAN DONOVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:08-cv-01675-RCJ-RJJ |
| vs. | ) | |
| | ) | |
| FLAMINGO PALMS VILLAS, LLC et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of an alleged conspiracy to defraud investors in a condominium development in Las Vegas. Pending before the Court are a Motion for Attorney's Fees and Costs (ECF No. 1219) and a Motion for Judgment as a Matter of Law (ECF No. 1224). For the reasons given herein, the Court denies the motions.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiffs purchased condominium units in a development called the Palm Villas, Las Vegas Cay Club Condominiums (the "Development"). Defendants are individuals and entities who allegedly defrauded Plaintiffs, or assisted in defrauding Plaintiffs, into purchasing units in the Development. The Development consists of an approximately 12-acre plot of land on which sit sixteen three-story apartment buildings, containing a total of 360 rental units. The three apartment buildings occupy 2.64 acres. The remaining 9.44 acres consist of several hundred parking spaces, swimming pools, and other open land (the "Common Area").

1    Beginning in 2004, Defendants began promoting and selling the 360 units in the
2 Development to buyers.  Defendants promoted the Development as a "resort community" that
3 would be developed into a hotel.  Defendants allegedly represented that the Development already
4 boasted numerous valuable amenities, such as large covered patios, weight rooms, and spas, and
5 that Defendants planned to enhance the Development with many other amenities, such as a game
6 room, a water park, a restaurant, and conference facilities.  By paying a non-refundable $5,000
7 payment, Plaintiffs were allowed to enter into a Reservation Agreement, which required a
8 $10,000 non-refundable payment per unit reserved for purchase.  Plaintiffs were later provided
9 with a price list for the units, ranging from $199,000 to $499,900.  After Plaintiffs invested,
10 Defendants circulated various brochures and letters to Plaintiffs, informing Plaintiffs of the status
11 of the Development.  These letters and brochures described or displayed images of the various
12 improvements that were being done to the Development.  Defendants also circulated a map of the
13 Development.
14    Plaintiffs allege that the deeds they received in the purchase of each unit represented that
15 Plaintiffs had an interest not only in their purchased units, but also in the Common Area, which
16 included parking spaces, swimming pools, and many other valuable amenities that Defendants
17 promised to add to the Development.  After the deeds were signed, Plaintiffs allege that
18 Defendants circulated a fifty-seven page declaration stating that Plaintiffs' interests in the
19 Development did not in fact include the Common Area, but were limited to their individually
20 purchased rental units and the area common to their particular buildings.  As a result, Plaintiffs'
21 purchased units did not even include any of the Development's parking spaces.  Plaintiffs
22 contend that the representations made in the fifty-seven page declaration conflicted with the
23 advertising and other promotional representations made by Defendants, the deeds, and the
24 appraisals on the units upon which Plaintiffs relied in deciding to invest in the Development.
25    Plaintiffs filed the Complaint on November 26, 2008.  The final version was the Third

Amended Complaint.  The Court adjudicated over one-hundred substantive motions in this case and ultimately ruled that Plaintiffs owned undivided interests in the Common Area as part of their condominiums under state law, such that any documents to the contrary were void.  The Court conducted a trial at which approximately forty Plaintiffs and Defendant Commonwealth Land Title Insurance Co. ("Commonwealth") remained as parties.  The jury awarded a verdict to Plaintiffs totaling approximately $700,000.  Between the fifth and sixth days of trial, Commonwealth filed a Motion for Attorney's Fees and Costs.  On the sixth day of trial, Plaintiffs filed a Motion for Judgment as a Matter of Law.

## II.    DISCUSSION

First, the Motion for Judgment as a Matter of Law is moot, as Plaintiffs have received a verdict in their favor.  Second, the Court will not award attorney's fees in favor of the HOA and against Commonwealth "as a measure of Plaintiffs' damages."  As Commonwealth notes in response, the HOA brought no crossclaim against Commonwealth, and the HOA has no standing to seek damages on behalf of Plaintiffs.  The HOA did not bring suit on behalf of Plaintiffs; on the contrary, it countersued Plaintiffs.  Nor will the Court award attorney's fees against Plaintiffs in favor of the HOA, because the HOA is not a prevailing party as against Plaintiffs except in the most technical sense.  Although the Court ruled in the HOA's favor that Plaintiffs must pay assessments for the Common Area, this is only because the Court also ruled that Plaintiffs own undivided interests in the Common Area as part of their condominiums.  Plaintiffs had alleged alternatively that either they owned undivided interests in the Common Area or they didn't owe the HOA assessments for the upkeep of a Common Area that they didn't own, a commonsense proposition.  The HOA's victory against Plaintiffs on the assessment issue was only possible because of Plaintiffs' victory on the ownership issue.  Although the ruling can be characterized as a victory for the HOA, it can hardly be characterized as a defeat for Plaintiffs; rather, Plaintiffs simply prevailed on an alternative theory.  The Court cannot in equity award attorney's fees

against Plaintiffs in essence as a penalty for having prevailed on the ownership issue.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Attorney's Fees and Costs (ECF No. 1219) is DENIED.

IT IS FURTHER ORDERED that the Motion for Judgment as a Matter of Law (ECF No. 1224) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge