1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

FRAN DONOVAN,                              )
9                                           )
                        Plaintiff,          )
10                                          )            2:08-cv-01675-RCJ-RJJ
            vs.                             )
11                                          )
FLAMINGO PALMS VILLAS, LLC et al.,          )            **ORDER**
12                                          )
                        Defendants.         )
13  _____ )

14          This case arises out of an alleged conspiracy to defraud investors in a condominium

15  development in Las Vegas.  Pending before the Court are a Motion for Attorney's Fees and Costs

16  (ECF No. 1219) and a Motion for Judgment as a Matter of Law (ECF No. 1224).  For the reasons

17  given herein, the Court denies the motions.

18  **I.      FACTS AND PROCEDURAL HISTORY**

19          Plaintiffs purchased condominium units in a development called the Palm Villas, Las

20  Vegas Cay Club Condominiums (the "Development").  Defendants are individuals and entities

21  who allegedly defrauded Plaintiffs, or assisted in defrauding Plaintiffs, into purchasing units in

22  the Development.  The Development consists of an approximately 12-acre plot of land on which

23  sit sixteen three-story apartment buildings, containing a total of 360 rental units.  The three

24  apartment buildings occupy 2.64 acres.  The remaining 9.44 acres consist of several hundred

25  parking spaces, swimming pools, and other open land (the "Common Area").

1    Beginning in 2004, Defendants began promoting and selling the 360 units in the

2    Development to buyers.  Defendants promoted the Development as a "resort community" that

3    would be developed into a hotel.  Defendants allegedly represented that the Development already

4    boasted numerous valuable amenities, such as large covered patios, weight rooms, and spas, and

5    that Defendants planned to enhance the Development with many other amenities, such as a game

6    room, a water park, a restaurant, and conference facilities.  By paying a non-refundable $5,000

7    payment, Plaintiffs were allowed to enter into a Reservation Agreement, which required a

8    $10,000 non-refundable payment per unit reserved for purchase.  Plaintiffs were later provided

9    with a price list for the units, ranging from $199,000 to $499,900.  After Plaintiffs invested,

10   Defendants circulated various brochures and letters to Plaintiffs, informing Plaintiffs of the status

11   of the Development.  These letters and brochures described or displayed images of the various

12   improvements that were being done to the Development.  Defendants also circulated a map of the

13   Development.

14   Plaintiffs allege that the deeds they received in the purchase of each unit represented that

15   Plaintiffs had an interest not only in their purchased units, but also in the Common Area, which

16   included parking spaces, swimming pools, and many other valuable amenities that Defendants

17   promised to add to the Development.  After the deeds were signed, Plaintiffs allege that

18   Defendants circulated a fifty-seven page declaration stating that Plaintiffs' interests in the

19   Development did not in fact include the Common Area, but were limited to their individually

20   purchased rental units and the area common to their particular buildings.  As a result, Plaintiffs'

21   purchased units did not even include any of the Development's parking spaces.  Plaintiffs

22   contend that the representations made in the fifty-seven page declaration conflicted with the

23   advertising and other promotional representations made by Defendants, the deeds, and the

24   appraisals on the units upon which Plaintiffs relied in deciding to invest in the Development.

25   Plaintiffs filed the Complaint on November 26, 2008.  The final version was the Third

Page 2 of  4

1   Amended Complaint.  The Court adjudicated over one-hundred substantive motions in this case

2   and ultimately ruled that Plaintiffs owned undivided interests in the Common Area as part of

3   their condominiums under state law, such that any documents to the contrary were void.  The

4   Court conducted a trial at which approximately forty Plaintiffs and Defendant Commonwealth

5   Land Title Insurance Co. ("Commonwealth") remained as parties.  The jury awarded a verdict to

6   Plaintiffs totaling approximately $700,000.  Between the fifth and sixth days of trial,

7   Commonwealth filed a Motion for Attorney's Fees and Costs.  On the sixth day of trial, Plaintiffs

8   filed a Motion for Judgment as a Matter of Law.

9   **II.   DISCUSSION**

10          First, the Motion for Judgment as a Matter of Law is moot, as Plaintiffs have received a

11  verdict in their favor.  Second, the Court will not award attorney's fees in favor of the HOA and

12  against Commonwealth "as a measure of Plaintiffs' damages."  As Commonwealth notes in

13  response, the HOA brought no crossclaim against Commonwealth, and the HOA has no standing

14  to seek damages on behalf of Plaintiffs.  The HOA did not bring suit on behalf of Plaintiffs; on

15  the contrary, it countersued Plaintiffs.  Nor will the Court award attorney's fees against Plaintiffs

16  in favor of the HOA, because the HOA is not a prevailing party as against Plaintiffs except in the

17  most technical sense.  Although the Court ruled in the HOA's favor that Plaintiffs must pay

18  assessments for the Common Area, this is only because the Court also ruled that Plaintiffs own

19  undivided interests in the Common Area as part of their condominiums.  Plaintiffs had alleged

20  alternatively that either they owned undivided interests in the Common Area or they didn't owe

21  the HOA assessments for the upkeep of a Common Area that they didn't own, a commonsense

22  proposition.  The HOA's victory against Plaintiffs on the assessment issue was only possible

23  because of Plaintiffs' victory on the ownership issue.  Although the ruling can be characterized as

24  a victory for the HOA, it can hardly be characterized as a defeat for Plaintiffs; rather, Plaintiffs

25  simply prevailed on an alternative theory.  The Court cannot in equity award attorney's fees

against Plaintiffs in essence as a penalty for having prevailed on the ownership issue.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorney's Fees and Costs (ECF No. 1219) is DENIED.

IT IS FURTHER ORDERED that the Motion for Judgment as a Matter of Law (ECF No. 1224) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge