UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FRAN DONOVAN, | ) | |
|       Plaintiff, | ) ) | |
| vs. | ) ) | 2:08-cv-01675-RCJ-RJJ |
| FLAMINGO PALMS VILLAS, LLC et al., | ) ) ) | **ORDER** |
|       Defendants. | ) ) | |

This case arises out of an alleged conspiracy to defraud investors in a condominium development in Las Vegas. Defendants Stump, Storey, Callahan & Dietrich, P.A.'s and W. Scott Callahan's (collectively "Stump") Motion for Attorney's Fees and Costs (ECF No. 1264) is pending before the Court.

I.    **FACTS AND PROCEDURAL HISTORY**

Plaintiffs are eighty-seven individuals who, from 2005 to 2007, purchased condominium units in a development called the Palm Villas, Las Vegas Cay Club Condominiums (the "Development"). Originally, there were 139 Defendants, 121 of whom remained in the Second Amended Complaint ("SAC") (ECF No. 183). Defendants are individuals and entities who allegedly defrauded Plaintiffs, or assisted in defrauding Plaintiffs, into purchasing units in the Development. The Development consists of an approximately 12-acre plot of land on which sit sixteen three-story apartment buildings, containing a total of 360 rental units. The three

1   apartment buildings occupy 2.64 acres.  The remaining 9.44 acres consist of several hundred
2   parking spaces, swimming pools, and other open land (the "Common Area").

3   Beginning in 2004, Defendants began promoting and selling the 360 units in the
4   Development to buyers.  Defendants promoted the Development as a "resort community" that
5   would be developed into a hotel.  Initially, and before assuming its current name, the
6   Development was called the Las Vegas Cay Club Resort & Marina.  Defendants allegedly
7   represented that the Development already boasted numerous valuable amenities, such as large
8   covered patios, weight rooms, and spas, and that Defendants planned to enhance the
9   Development with many other amenities, such as a game room, a water park, a restaurant, and
10  conference facilities.  By paying a non-refundable $5,000 payment, Plaintiffs were allowed to
11  enter into a Reservation Agreement, which required a $10,000 non-refundable payment per unit
12  reserved for purchase.  Plaintiffs were later provided with a price list for the units, ranging from
13  $199,000 to $499,900.  After Plaintiffs invested, Defendants circulated various brochures and
14  letters to Plaintiffs, informing Plaintiffs of the status of the Development.  These letters and
15  brochures described or displayed images of the various improvements that were being done to the
16  Development.  Defendants also circulated a map of the Development.

17  Plaintiffs allege that the deeds they received in the purchase of each unit represented that
18  Plaintiffs had an interest not only in their purchased units, but also in the Common Area, which
19  included parking spaces, swimming pools, and many other valuable amenities that Defendants
20  promised to add to the Development.  After the deeds were signed, Plaintiffs allege that
21  Defendants circulated a fifty-seven page declaration stating that Plaintiffs' interests in the
22  Development did not in fact include the Common Area, but were limited to their individually
23  purchased rental units and the area common to their particular buildings.  As a result, Plaintiffs'
24  purchased units did not even include any of the Development's parking spaces.  Plaintiffs
25  contend that the representations made in the fifty-seven page declaration conflicted with the

advertising and other promotional representations made by Defendants, the deeds, and the appraisals on the units upon which Plaintiffs relied in deciding to invest in the Development.

Plaintiffs filed the Complaint on November 26, 2008. (Compl., ECF No. 1). The operative version of the Complaint is the Third Amended Complaint ("TAC") (ECF No. 335). The Court has adjudicated over one-hundred (100) substantive motions in this case. Stump has moved for fees and costs

## II.  LEGAL STANDARDS

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 does not provide for attorney's fees directly but governs applications for fees under other statutes or rules that provide for them. *See* Fed. R. Civ. P. 54(d)(2)(B)(ii). Via the present motions, Stump seeks fees under both federal and state statutes. First, in securities fraud suits:

> if judgment shall be rendered against a party litigant, upon the motion of the other party litigant, such costs may be assessed in favor of such party litigant . . . if the court believes the suit or the defense to have been without merit, in an amount sufficient to reimburse him for the reasonable expenses incurred by him, in connection with such suit, such costs [including reasonable attorney's fees] to be taxed in the manner usually provided for taxing of costs in the court in which the suit was heard.

15 U.S.C. § 77k(e). Stump seeks fees under § 77k(e). Second, under state law, a court may award fees to the prevailing party:

> [w]ithout regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party. The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations. It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

Nev. Rev. Stat. § 18.010(2)(b). Stump also seeks fees under section 18.010(2)(b).

### III. ANALYSIS

The Court has denied another group of Defendants' previous motion for fees and costs under both § 77k(e) and section 18.010(2)(b) on the merits. It simultaneously denied Stump's similar motion because judgment had not yet been formally entered against Stump. The Clerk has now entered judgment against Stump, and the Court considers the motion.

As to the merits of the present motion, Plaintiffs argue that its claims against Stump were not frivolous or vexatious. The Court has already ruled that Sunvest Defendants, for example, were not entitled to fees under § 77k(e) as against eighteen Plaintiffs whose claims were previously dismissed for failure to prosecute:

> Motion No. 936 is a motion for attorney's fees and costs by the Sunvest Defendants. They seek fees and costs against eighteen Plaintiffs whose claims were recently dismissed for failure to prosecute. Plaintiffs had until March 17, 2012 to respond but have not responded or requested any extension. The Court denies this motion. Movants base their claim to fees upon 15 U.S.C. § 77k(e), which permits a court to grant costs, including fees, when a securities fraud claim is brought without merit. The Ninth Circuit has read the "without merit" language of the statute to permit fees and costs where the suit "borders on the frivolous or is brought in bad faith." *W. Fed. Corp. v. Erickson*, 739 F.2d 1439, 1444 (9th Cir. 1984). Movants argue that the securities claims in this case were frivolous. The court finds that the securities claims were not frivolous. The Court denied a motion to dismiss the securities claims in this case after extensive analysis. (*See* Order 11–20, Dec. 15, 2009, ECF No. 274). Although Plaintiffs failed to respond, the Court in its discretion denies fees and costs and also denies the motion to file related documents under seal (ECF No. 1004).

(Order 5:5–17, July 9, 2012, ECF No. 1082). For the same reasons, the Court denies fees and costs to Stump under § 77k(e) and finds that fees and nontaxable costs are not warranted under NRS section 18.010(2)(b).

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Attorney's Fees and Costs (ECF No. 1264) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge