**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRAN DONOVAN et al.,          ) | |
|                                            ) | |
|            Plaintiffs,              ) | |
|                                            ) | 2:08-cv-01675-RCJ-NJK |
|    vs.                                  ) | |
|                                            ) | |
| FLAMINGO PALMS VILLAS, LLC et al., ) | **ORDER** |
|                                            ) | |
|            Defendants.           ) | |

This case arises out of an alleged conspiracy to defraud investors in a condominium development in Las Vegas. Plaintiffs prevailed in part at a jury trial against Defendant Commonwealth Land Title Insurance Co. ("Commonwealth") on its claims for breach of the duty to indemnify and the duty to defend, (*see* Verdict, ECF No. 1249), and Commonwealth has asked the Court to enter its proposed judgment. Plaintiffs object to Commonwealth's proposed judgment because it includes the phrase "inclusive of attorney's fees and costs," which have, according to Plaintiffs, not yet been adjudicated. Commonwealth replies that fees and costs were determined by the jury and that there is nothing left for the Court to adjudicate with respect to fees and costs. The Court agrees.

Plaintiffs asked the jury for damages, *inter alia*, related to Commonwealth's failure to defend Plaintiff's title to the common areas. These damages included fees and costs in the present case. Plaintiffs' counsel argued the issue to the jury: "I suggest to you the evidence of

1  breach of contract of insurance for the loss, the indemnity, as well as the defense, which is to

2  bring a lawsuit, attorney's fees, is overwhelming." (Jury Trial Tr. 1264:6–9, ECF No. 1294).

3  "Also in the policy is a duty to defend or initiate action.  So attorney fees can be recovered there,

4  and in the verdict form there has been a separation of those." (*Id.* 1285:13–15).  "Did

5  Commonwealth breach its contract with respect to duty to defend; yes.  Defend includes bringing

6  suit, attorney fees, costs." (*Id.* 1287:5–7).  The following passage eliminates any doubt as to

7  whether Plaintiffs sought and recovered fees and costs as a measure of damages in the trial itself:

8      The breach of duty to defend is the attorney fees, and you can only award that
   once.  Now, you could have done it under the other theories, but because this case is
9      focused initially from the contract of insurance, indemnify and defend, the entry on
   the right is for attorney fees.
10
       All the other damages that you find, if you do, and I suggest you will, would
11 be under general damages.  But the right side is attorney fees.  Okay?

12     You heard my clients testify, and they all testified about they did come out of
   pocket some various amounts, and that is a contingent fee case, a percentage case.
13
       This is an example I'm using, just because it's easier to explain it to you
14 rather than going back to the specific dollars and cents for each plaintiff.  If the loss
   was $100,000, 40 percent would leave my clients $60,000.  They are not made whole
15 by that, but that's the terms of the contract.  We get a percentage, the lawyers get a
   percentage of the recovery.
16
       For the attorney fees portions of the verdict form and the damages for failure
17 to defend, I'm going to suggest this to you, and this is why I suggest it to you.

18     If the recovery is $100,000, if you divide that by the 60 percent, which is the
   converse of the 40 percent, you get a figure of 166,667.  If you take that figure now,
19 166,667, and you take 40 percent of that, it comes back to 66,667, multiply by 40,
   you would divide it by 60.
20
       In order for my client -- if this hypothetical, this example to get the full
21 hundred thousand, the full measure of damages, the justice, I'm suggesting this is
   how you should calculate for attorney fees in the verdict form.
22
       Now, we'll get to that here.
23
   I'm hopeful you have a way to calculate, but that's what this has done.  If we
24 reduce the purchase price to 90 percent, that's the 340,579.80.

25     If we do the attorney fees for the portion of the verdict form on the right

column, the defend, we did that by taking the -- dividing by the 60, 60 percent, and that was 227,053. The total is 567,633 for Mr. Ballard.

When you reduce or take the 40 percent from 567,633, you get full recovery of the 90 percent.

I'm going to suggest to you that these figures are reasonable under the circumstances, the four years of this case, even if all you do is find for plaintiffs on the breach of contract, the indemnity owed, 90 percent minimum, and the attorney fees.

The attorney fees are your decision. And I'm suggesting to you, because that is a contingent case, you need to figure the attorney fees on top of the indemnification so that they get full recovery, full justice, the 90 percent of the purchase price.

THE COURT: Counsel, I feel it necessary to give an instruction here.

Specifically, I have kept the two columns separate in the jury verdict form. So in the left column, you would only award the total judgment for damages suffered. I don't want you to include it twice. There's a separate column for attorney's fees.

So you would award -- if, for example, it's 90 percent, you would award the 90 percent figure in the left-hand column, you would award the attorney's fees in the right-hand column. All of it is going to the plaintiffs, both the damage and the attorney fee portion.

As to how much they have to pay their attorneys is up to them in their separate contract. But you would be awarding all of it, the sum of both columns. I just want to make sure you don't include it twice.

Therefore, the compensable loss, assuming it's 90 percent, 10 percent, whatever it is, if there is such, goes in the left-hand column. The attorney's fees, which will be in addition in the judgment if you render such a verdict, will be on the right-hand side. All of it goes to the plaintiff. That's the judgment.

(*Id.* 1289:3–1291:24). At most, the issue of costs remains. But the Court finds that it does not. Plaintiffs' counsel argued costs to the jury, as well: "Defend includes bringing suit, attorney fees, costs." (*Id.* 1287:6–7).

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Judgment (ECF No. 1285) is GRANTED, and the Clerk shall enter the proposed judgment attached at pp. 4–7 of the Motion.

IT IS SO ORDERED.

Dated this 16th day of September, 2013.

_____
ROBERT C. JONES
United States District Judge