UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FRAN DONOVAN et al., ) | | |
| ) Plaintiffs, ) | | |
| ) | 2:08-cv-01675-RCJ-NJK | |
| vs. ) | | |
| ) | | |
| FLAMINGO PALMS VILLAS, LLC et al., ) | **ORDER** | |
| ) | | |
| Defendants. ) | | |
| ) | | |

    This case arises out of an alleged conspiracy to defraud investors in a condominium development in Las Vegas. Two motions for attorney's fees and several motions concerning stay and bond on appeal are pending before the Court.

## I.   PROCEDURAL HISTORY

    After several years of pretrial practice against dozens of Defendants, Plaintiffs prevailed in part at a jury trial against Defendant Commonwealth Land Title Insurance Co. ("Commonwealth") on their claims for breach of the duty to indemnify and the duty to defend. (*See* Verdict, ECF No. 1249). Plaintiffs previously objected to Commonwealth's proposed form of judgment because it included the phrase "inclusive of attorney's fees and costs," which had, according to Plaintiffs, not yet been adjudicated. Commonwealth replied that fees and costs had been determined by the jury and that there was nothing left for the Court to adjudicate with respect to fees and costs. In a detailed order, the Court agreed with Commonwealth that the jury

1  awarded Plaintiffs attorney's fees in the present action as a measure of damages, just as Plaintiffs
2  asked it to. (*See* Order, Sept. 16, 2013, ECF No. 1296). The Court then entered the Judgment, as
3  proposed by Commonwealth.

4  **II.    DISCUSSION**

5      **A.    Plaintiffs' Motion for Attorney's Fees (ECF No. 1298)**

6      Soon after the Court entered the Judgment, which indicates that it is inclusive of fees and
7  costs, Plaintiffs filed their present motion, requesting attorney's fees under Nevada Revised
8  Statutes section 18.010. As the Court has already ruled, attorney's fees were litigated and
9  determined by the jury as a direct measure of damages in this case. Assuming for the sake of
10 argument that any amount not awarded by the jury is still available qua attorney's fees under the
11 state statute in this diversity action, the Court declines to award them.

12     First, although certain Plaintiffs received less than $20,000 in compensatory damages, the
13 total award greatly exceeded this amount, and Plaintiffs' argument that those Plaintiffs
14 individually receiving less than the statutory threshold for fee shifting should be awarded their
15 fees pro rata is frivolous:

> 16 Even assuming, arguendo, that each Homeowner is entitled to possess a share of the judgment, it does not necessarily follow that individual shares govern the
> 17 application of NRS 18.010. It is well established in Nevada that attorney's fees are not recoverable unless allowed by express or implied agreement or when authorized
> 18 by statute or rule. *Sun Realty v. District Court*, 91 Nev. 774, 776, 542 P.2d 1072 (1975). This court has also held "it is the total judgment that governs and where the
> 19 amount recovered exceeds the statutory limit of $10,000 the court may not grant an award of attorney's fees." *Peterson v. Freeman*, 86 Nev. 850, 856, 477 P.2d 876
> 20 (1970).
>
> 21 NRS 18.010 does not authorize a court to divide the total judgment by the number of prevailing litigants. This court has previously held "in the absence of
> 22 legislation specifically providing for attorney's fees, such fees cannot be awarded . . . ." (Emphasis added.) *Consumers League v. Southwest Gas*, 94 Nev. 153, 157–158,
> 23 576 P.2d 737 (1978). It is for the legislature, and not this court, to make a special provision for class actions within NRS 18.010. Accordingly, we hold that the district
> 24 court was correct in denying the award of attorney's fees pursuant to NRS 18.010.[FN2]

25

Case 2:08-cv-01675-RCJ-NJK   Document 1330   Filed 11/26/13   Page 3 of 5

> . . . .
>
> [FN2] We also conclude that the purpose of the rule is not furthered by Homeowners' construction of the statute. Presumably the legislative intent behind the enactment of NRS 18.010 was to aid litigants who might forego suit because the costs of litigation would outweigh their potential recovery. Litigants with claims worth less than $10,000 are therefore encouraged to pursue meritorious suits. Homeowners, however, did not hire thirty-eight attorneys to file thirty-eight separate suits; they filed as a class. Their claims arose out of a single situation, the negligent construction of the project, requiring their attorney to prepare for only one set of facts for the entire class. In this context, we conclude that consideration of the judgment as a whole was proper.

*Schouweiler v. Yancey Co.*, 712 P.2d 786, 788 & n.2 (Nev. 1985). Although the present action was not a class action, the same rationale applies. Second, Commonwealth's defense was not maintained "without reasonable ground." *See* Nev. Rev. Stat. § 18.010(2)(b). The issues were sufficiently disputed to require a jury to sort them out. The motion is denied.

**B.     Las Vegas Cay Club Homeowners' Association's ("LVCCHOA") Motion for Attorney's Fees (ECF No. 1301)**

LVCCHOA asks the Court to award it attorney's fees out of Plaintiffs' recovery of fees pursuant to the substantial benefit doctrine:

> This doctrine allows recovery of attorney fees when a successful party confers a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them.
>
> Typically, the substantial benefit exception is applied in cases involving shareholders or unions. In those actions, the successful plaintiff confers a benefit on all shareholders or union members, and thus, attorney fees assessed against the corporation or union are easily and equitably spread among the shareholders or members who are the beneficiaries of the litigation. What is important in those instances is that the class of beneficiaries is before the court in fact or in some representative form.
>
> To recover fees under the substantial benefit doctrine, a successful party must demonstrate that: (1) the class of beneficiaries [is] small in number and easily identifiable; (2) the benefit [can] be traced with some accuracy; and (3) the costs [can] . . . be shifted with some exactitude to those benefitting.

*Thomas v. City of N. Las Vegas*, 127 P.3d 1057, 1063 (Nev. 2006) (footnotes and internal quotation marks omitted). The Court declines to apply the doctrine under the present

1 circumstances. The award of attorney's fees to Plaintiffs in this case was made qua damages, not
2 qua attorney's fees. The Court simply cannot therefore under the Seventh Amendment take from
3 Plaintiffs a portion of this award and give it to movants under a state law doctrine. The Court
4 denies the motion.

5      **C.**    **Stay and Bond**

6      Commonwealth asks the Court to stay the Judgment pending appeal upon its deposit of a
7 bond equal to the Judgment of $680,495. Plaintiffs demand a bond representing the Judgment
8 plus two years of interest. Because the interest is post-judgment, federal law applies. *See* 28
9 U.S.C. § 1961(a); *James B. Lansing Sound, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
10 801 F.2d 1560, 1570 (9th Cir. 1986) ("Post-judgment interest is determined by federal law.").
11 The interest rate of 0.11% as of the date the Court has drafted this Order[1] yields $1497.91 over
12 two years if compounded annually. The Court will grant a stay upon posting of a bond of
13 $681,992.91.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///

---

[1] The Court recognizes that the weekly statutory rate can fluctuate by several one-hundredths of one percent but will not entertain successive motions to alter the present Order based thereupon. (Don't laugh; it has happened.) There is no more fitting context for the expression "De minimis non curat lex."

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions for Attorney's Fees (ECF Nos. 1298, 1301) are DENIED.

IT IS FURTHER ORDERED that the Motions to Stay (ECF Nos. 1305, 1309) and Motions for Bond (ECF Nos. 1310, 1314) are GRANTED IN PART.  The Judgment and execution thereupon is STAYED pending appeal, and Commonwealth Land Title Insurance Co. shall forthwith POST a bond of $681,992.91 with the Clerk of Court for deposit into the Registry Account of the Court.

IT IS SO ORDERED.

Dated this 26th day of November, 2013.

_____
ROBERT C. JONES
United States District Judge