UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FRAN DONOVAN et al., ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | 2:08-cv-01675-RCJ-NJK | |
| vs. ) | | |
| ) | | |
| FLAMINGO PALMS VILLAS, LLC et al., ) | **ORDER** | |
| ) | | |
| Defendants. ) | | |
| ) | | |

This case arises out of an alleged conspiracy to defraud investors in a condominium development in Las Vegas. A Motion for Sanctions (ECF No. 1326) is pending before the Court. For the reasons given herein, the Court denies the motion.

## I. PROCEDURAL HISTORY

After several years of pretrial practice against dozens of Defendants, Plaintiffs prevailed in part at a jury trial against Defendant Commonwealth Land Title Insurance Co. ("Commonwealth") on their claims for breach of the duty to indemnify and the duty to defend. (*See* Verdict, ECF No. 1249). Plaintiffs previously objected to Commonwealth's proposed form of judgment because it included the phrase "inclusive of attorney's fees and costs," which had, according to Plaintiffs, not yet been adjudicated. Commonwealth replied that fees and costs had been determined by the jury and that there was nothing left for the Court to adjudicate with respect to fees and costs. In a detailed order, the Court agreed with Commonwealth that the jury

had awarded Plaintiffs attorney's fees in the present action as a measure of damages, just as Plaintiffs had asked it to. (*See* Order, Sept. 16, 2013, ECF No. 1296).  The Court then entered Judgment, accordingly.  Soon thereafter, Plaintiffs filed a motion requesting attorney's fees under Nevada Revised Statutes section 18.010, which provides for attorney's fees, *inter alia*, wherever a Plaintiff prevails but recovers less than $20,000. *See* Nev. Rev. Stat. § 18.010(2)(a).  In its order denying the motion, the Court again noted that attorney's fees had been litigated and determined by the jury as a direct measure of damages, and that even if attorney's fees had not already been litigated, Plaintiffs' argument that those Plaintiffs individually receiving less than the statutory threshold for fee shifting should be awarded their fees pro rata under section 18.010 was frivolous. (*See* Order 2:6–3:8, Nov. 26, 2013, ECF No. 1330 (quoting *Schouweiler v. Yancey Co.*, 712 P.2d 786, 788 & n.2 (Nev. 1985)).  While the previous motion for attorney's fees under section 18.010 was pending, Commonwealth filed the present motion for sanctions.

## II.   DISCUSSION

Commonwealth asks for $5500 in attorney's fees against Plaintiffs and their counsel related to defending Plaintiffs' latest motion for attorney's fees.  Attorney Hyman has responded only to argue that the Motion is procedurally defective because it was served upon Nevada counsel, Attorney Carson, and not also upon Attorney Hyman in California.  Attorney Carson has not timely responded.  Although the motion was without legal support, the Court declines to award sanctions.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Sanctions (ECF No. 1326) is DENIED.

IT IS SO ORDERED.

Dated this 17th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge