# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| FRAN DONOVAN et al., | ) | |
| Plaintiffs, | ) | |
| | ) | 2:08-cv-01675-RCJ-NJK |
| vs. | ) | |
| | ) | |
| FLAMINGO PALMS VILLAS, LLC et al., | ) | **ORDER** |
| Defendants. | ) | |

This case arises out of an alleged conspiracy to defraud investors in a condominium development in Las Vegas. Pending before the Court is Plaintiffs' Motion for a *Crateo* Indication or a New Trial (ECF No. 1335). For the reasons given herein, the Court denies the motion.

## I.  PROCEDURAL HISTORY

After several years of pretrial practice against dozens of Defendants, Plaintiffs prevailed in part at a jury trial against Defendant Commonwealth Land Title Insurance Co. ("Commonwealth") on their claims for breach of the duty to indemnify and breach of the duty to defend. (*See* Verdict, ECF No. 1249). Commonwealth has appealed, divesting this Court of further jurisdiction. Plaintiffs have filed the present motion for a new trial or for the Court's indication under *Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862 (9th Cir. 1976), based on Scott Callahan's newly discovered representations allegedly contradicting his testimony at trial.

## II. LEGAL STANDARDS

### A. *Crateo*

In *Crateo*, the Court of Appeals noted that a district court has no jurisdiction to entertain motions under Rule 60(b) once the case has been appealed, but that it could indicate whether it would entertain or grant such a motion if it had jurisdiction to do so. *See id.* at 869.  A 1993 amendment to Appellate Rule 4 superseded *Crateo* in part. *See Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1065 (9th Cir. 2002) (noting that as of the date of the ruling in that case, a district court would retain jurisdiction to rule on a Rule 60(b) motion even after a court of appeals had accepted jurisdiction, so long as the motion were filed within ten days of judgment).  The current version of Appellate Rule 4 has extended the time limit to twenty-eight days. *See* Fed. R. App. P. 4(a)(4)(A)(vi) (2011).

### B. New Trial

"The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1), (a)(1)(A).  "A motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b).

## III. ANALYSIS

The Court entered judgment on the verdict on September 17, 2013, and Plaintiffs filed the present motion on April 21, 2014, much more than twenty-eight days later.  The Court therefore has no jurisdiction to entertain motions under Rules 59 or 60.  The Court in its discretion will not address the merits of the proposed motion unless and until it regains jurisdiction to entertain it.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for a *Crateo* Indication or a New Trial (ECF No. 1335) is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File Excess Pages (ECF No. 1337) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Extension of Time (ECF No. 1339) is GRANTED.

IT IS SO ORDERED.

Dated this 23rd day of July, 2014.

_____
ROBERT C. JONES
United States District Judge