UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRAN DONOVAN et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> FLAMINGO PALMS VILLAS, LLC et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 2:08-cv-01675-RCJ-NJK <br><br> **ORDER** |

This case arises out of an alleged conspiracy to defraud investors in a condominium development in Las Vegas. Pending before the Court is Plaintiffs' Motion for a New Trial (ECF No. 1354). For the reasons given herein, the Court denies the motion.

## I.      PROCEDURAL HISTORY

After several years of pretrial practice against dozens of Defendants, Plaintiffs prevailed in part at a jury trial against Defendant Commonwealth Land Title Insurance Co. ("Commonwealth") on their claims for breach of the duty to indemnify and breach of the duty to defend. (*See* Verdict, ECF No. 1249). Commonwealth appealed, divesting this Court of further jurisdiction. Plaintiffs filed a motion for a new trial or for the Court's indication under *Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862 (9th Cir. 1976), based on Scott Callahan's newly discovered representations allegedly contradicting his testimony at trial. The Court declined to issue any indicative ruling. The parties have now dismissed their respective appeals, and

1   Plaintiffs have filed a motion for a new trial directly.

2   **II.   LEGAL STANDARDS**

3   "The court may, on motion, grant a new trial on all or some of the issues—and to any
4   party—as follows: . . . after a jury trial, for any reason for which a new trial has heretofore been
5   granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1), (a)(1)(A). "A motion
6   for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P.
7   59(b).

8   **III.   ANALYSIS**

9   Plaintiffs argue that filings in an SEC action filed in the Southern District of Florida,
10  Case no. 13-cv-10011, include a Declaration by Scott Callahan (representing an agreement
11  between Scott Callahan and the Government), in which Callahan acknowledges his responsibility
12  for facts alleged in an exhibit in exchange for avoiding criminal prosecution. (*See* Callahan Decl.,
13  Mar. 14, 2014, ECF No. 1336-6, at 2; Letter, Mar. 10, 2014, ECF No. 1336-6, at 3). Those facts
14  include allegations that Callahan, *inter alia*, "supervised the closing department" at his law firm,
15  Stump Storey, "in which persons acting at his direction . . . performed closings for Cay Clubs
16  investors . . . ." (App. A ¶ 3, ECF No. 1336-6, at 6). Plaintiffs argue that is inconsistent with
17  Callahan's trial testimony that "he knew none of the particulars of Plaintiffs' escrows." The
18  Court disagrees. Callahan's supervision of persons acting at his direction in closings is not
19  inconsistent with Callahan not knowing the details of any particular closing. Nor would any
20  potential inconsistency in this regard call into question the jury's determination that
21  Commonwealth was not liable for violating its fiduciary duties or the covenant of good faith and
22  fair dealing.
23  ///
24  ///
25  ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for New Trial (ECF No. 1354) is DENIED.

IT IS SO ORDERED.

Dated this 30th day of December, 2014.

_____
ROBERT C. JONES
United States District Judge